Filed 8/30/13  P. v. Neal CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C072931 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1200417) |
| v. | |
| ROBERT WILSON NEAL, JR., | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2012, the Plumas County Sheriff's Office received a report that Jane Doe, a minor, had been raped by defendant, her father.  The victim met with a sheriff's deputy and told him that, over a two-day period, defendant sexually assaulted her numerous

1

times. The acts included vaginal rape, oral and anal sodomy, and digital penetration of the victim's vagina.

The sheriff's office arranged a pretext phone call between the victim and defendant. During the call, the victim asked defendant if she could get pregnant as a result of the sexual assault. Defendant said she would not get pregnant "because my shit's tied." Defendant attempted to blame the rape on the victim's brother. When the victim said she would come home only if defendant promised he would not "have sex with [her] again," defendant replied: "I promise! You fucking take that to the bank. I fucking promise, I way promise."

Defendant was later interviewed by law enforcement. He initially denied the rape, claiming he went to bed after drinking alcoholic beverages. Defendant then said the victim exhibited "sexually provocative" behavior toward him, and he could not remember what happened during the times she reported being assaulted. Defendant said the fact that he was cleaning the victim's bedding when law enforcement arrived at the home was purely coincidental.

Defendant was arrested and subsequently charged with (1) committing a lewd act upon a child (Pen. Code, § 288, subd. (a)), (2) sodomy by a person over 21 years old of a person under 16 years old (§ 286, subd. (b)(2)), (3) oral copulation by a person over 21 years old on a person under 16 years old (§ 288a, subd. (b)(2)), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). It was further alleged that defendant was eligible to serve his commitment in state prison pursuant to section 1170, subdivisions (h)(3) and (f).

Defendant pleaded no contest to the charge of committing a lewd act upon a child and agreed his attorney would stipulate to a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595, in exchange for dismissal of the remaining charges and a sentencing lid of eight years in state prison.

Defendant later moved the trial court for new counsel and to withdraw his plea. The trial court denied both of his motions. Defendant was then sentenced to the aggravated term of eight years in state prison. He was ordered to pay various fines and fees and awarded 223 days of custody credit.

Defendant appeals without a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                           MURRAY        , J.

We concur:

         HULL        , Acting P. J.

         ROBIE        , J.